# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **MADISON PARTNERS, LLC** | § | |
| | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:17-cv-2666** |
| | § | |
| | § | |
| **THE TRAVELERS LLOYD'S** | § | |
| **INSURANCE COMPANY and** | § | |
| **JASON M. SPRADLIN** | § | |

## NOTICE OF REMOVAL

Defendant Travelers Lloyds Insurance Company ("Travelers"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Cause Number 401-04239-2017, *Madison Partners, LLC v. Travelers Lloyds Insurance Company and Jason M. Spradlin,* in the 401st Judicial District Court of Collin County, Texas.  In support of this Notice of Removal, Travelers respectfully represents the following:

1.      Madison Partners, LLC ("Madison Partners" or "Plaintiff") commenced the captioned action by filing its Original Petition on August 31, 2017, in the 401st Judicial District Court of Collin County, Texas.  Travelers was served on May 29, 2015.

2.      Together with this Notice of Removal, Travelers is filing certified copies of all process, pleadings, orders, and the docket sheet from the 401st Judicial District Court of Collin County.

3.      Plaintiff is a Limited Liability Corporation, organized under the laws of the state of Texas with its principal place of business in Dallas, Texas.  Travelers is an unincorporated association of twelve underwriters, all of whom reside outside of Texas and are citizens of a state other than Texas.  The domiciliary state for all of the underwriters is Connecticut.  A Lloyd's plan is an unincorporated association.  For diversity purposes, the citizenship of an unincorporated

association is determined by the citizenship of each member of the association.[1]  The members of

a Lloyd's plan are the underwriters alone.[2]  Because each of the underwriters is a citizen of a state

other than Texas, Travelers is not a Texas citizen for diversity jurisdiction purposes.[3]

4.      The Complaint alleges that Jason M. Spradlin ("Spradlin") is a citizen of Texas.[4]

Spradlin's citizenship should be disregarded, however, because Spradlin was improperly joined.

5.      In the Complaint, Plaintiff claims that "On or about October 23, 2011, a hail and windstorm

caused substantial damage to Madison's properties located at 601 Plano Parkway West, Plano,

Texas 75075, and 700 Alma Drive, Plano, Texas 75075."[5]  Plaintiff alleges that it "reported this

loss to Travelers and its agents who assigned it claim number EQW5745."[6]  Plaintiff claims that

"Spradlin, initially conducted the investigation on 700 Alma Drive, Plano, Texas and found no

damage to any of Madison's properties and denied Plaintiff's claim."[7]

6.      Plaintiff further alleges that Spradlin "later reopened the claim and continued

communication with Madison's general contractor, Carolyn Coleman."[8]  Plaintiff then alleges that

"discovered damage at a second property 601 Plano Parkway, Plano, Texas."[9]  According to

Plaintiff, "Instead of adding 601 Plano Parkway [in] the same claim, Travelers and Spradlin

---

[1] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).

[2] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5ᵗʰ Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the  citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")

[3] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

[4] Complaint at p. 1 of 8.

[5] *Id.* a p. 2 of 8.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

opened a second claim so they could apply a second deductible and assigned it claim numbers E1J9483, with the same date of loss."[10]

7.      Finally, Plaintiff alleges that "For the next three years, Travelers and Spradlin failed to properly identify and pay the cost to repair the damage to Madison's property."[11]

8.      Although Plaintiff's claim was ultimately resolved through the policy's appraisal provision, Plaintiff asserts the following causes of action against Travelers and Spradlin, for (1) violation of Chapter 542 of the Texas Insurance Code; (2) violation of Chapter 541 of the Texas Insurance Code; and (3) breach of the duty of good faith and fair dealing.

9.      Travelers does not admit the underlying facts as alleged by Plaintiff in its Petition or as summarized above.  Travelers expressly denies that it has any liability to Plaintiff.

10.     This Notice of Removal is filed within 30 days of service of the Complaint and is, therefore, timely under 28 U.S.C. § 1446 (b).

11.     Consent to this removal by Spradlin is unnecessary as he was improperly joined as a party.

### SPRADLIN IS IMPROPERLY JOINED

12.     Improper joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[12]  The improper joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[13]  If no viable claims exist against the non-diverse defendant, his presence must be disregarded for jurisdictional

---

[10] *Id.* at pp. 2-3 of 8.
[11] *Id.* at p. 3 of 8.
[12] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[13] *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), det. Denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994); *Tedder*, 590 F.2d at 117.

purposes.[14]  A "mere theoretical possibility of recovery under local law will not preclude a finding of improper joinder."[15]

13.      "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S 662, 678, 129 S. Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[16]  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 n. 3, 127 S. Ct. 1955, 1965 (2007), the U.S. Supreme Court noted that "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  Although *Twombly* and *Iqbal* dealt with rule 12(b)(6) motions to dismiss, the analysis for improper joinder is the same as with a 12(b)(6) motion, because in this motion the court has to determine whether there is a reasonable basis to predict that Plaintiff will be able to establish a cause of action against Spradlin.[17]  This analysis is conducted under the federal court pleading standards, not the more liberal state court "notice pleading" rules.[18]  The Rule 12(b)(6) federal pleading standard was articulated by the Supreme Court in *Twombly*: "To pass muster under Rule 12(b)(6) a complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'"[19]

14.      Spradlin has been improperly joined in this case because none of the claims asserted by Plaintiff provide a basis to recover against Spradlin.  Spradlin committed no independent tort in

---

[14] *Griggs*, 181 F.3d at 699; *French*, 156 F.R.D. at 162.
[15] *Smallwood* 385 F. 3d at 573 n 9, *quoting Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000).
[16] *Iqbal*, 556 U.S at 679.
[17] *Smallwood*, 385 F.3d at 573.
[18] *International Energy Ventures Management, L.L.C. v. United Energy Group, Limited, at al.*, 818 F.3d 193 (5th Cir. 2016).
[19] *Id.* at 200, *citing Reese v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955 (2007) ).

his individual capacity, and there is no possibility of Plaintiff establishing a cause of action against him.

15.     First, any contract Plaintiff had was with Travelers, not Spradlin.  Thus, there is no possibility of Plaintiff establishing a breach of contract claim or a claim for breach of the duty of good faith and fair dealing against Spradlin.[20]  Insurers owe their insured a duty of good faith and fair dealing in processing claims because of the "special relationship" created when the insurer and insured "are parties to a contract that is the result of unequal bargaining powers and by its nature allows unscrupulous insurers to take advantage of their insureds."[21]  Because the insured and the adjuster are not parties to a contract, "the adjuster owes the claimant no duty of good faith and fair dealing."[22]  Spradlin, as the adjuster in this case, is not party to a contract with Plaintiff, and so does not owe Plaintiff a duty of good faith and fair dealing.  There is no possibility, therefore, of Plaintiff establishing a breach of the duty of good faith and fair dealing claim against Spradlin.

16.     Chapter 542 of the Texas Insurance Code, commonly known as the Prompt Payment of Claims Act, applies only to insurers.  Spradlin is not an insurer, so he cannot be held liable under this chapter.[23]

17.     Plaintiff alleges that Spradlin "violated his duties under Section 541.060 of the Texas Insurance Code by failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear."[24]  Plaintiff's Texas

---

[20] *Messersmith v. Nationwide Mutual Fire Ins. Co.*, 10 F.Supp.3d. 721, 723 (N.D. Tex. 2014); *Blanchard v. State Farm Lloyd's*, 206 F.Supp.2d 840, 845 (S.D. Tex. 2001).
[21] *Milner v. City of Leander*, 64 S.W.3d 33, 41 (Tex. App. – Austin 2000).
[22] *Id.*
[23] *Messersmith*, 10 F.Supp.3d at 723 (First, the Prompt Payment of Claims Act applies only to insurers.... Zimmer is not an insurer so she cannot be held liable under it.").
[24] Complaint at p. 4 of 8.

Insurance Code Chapter 541 claims fail as to Spradlin because Plaintiff does not allege any facts

to show that Spradlin could be held individually liable separate and apart from Travelers.  For

these allegations, Travelers concedes that under Texas law, individual adjusters like Spradlin can

be held individually liable for violations of Chapter 541.[25]  For an adjuster to be held individually

liable, however, "they must have committed some act that is prohibited by the section, *not just be

connected to an insurance company's denial of coverage."*[26]  Where, as here, Plaintiff does not

assert facts to show that Spradlin, individually, committed an actionable violation of the Texas

Insurance Code giving rise to damages that are independent of the alleged contractual harm caused

by the insurer, such claims cannot survive dismissal.[27]

18.     In this context, the federal district courts in Texas have required plaintiffs "to allege

specific actionable conduct by the adjuster and to distinguish claims against the adjuster from

generic, conclusory, statute-tracking claims against the insurer."[28]  Plaintiff does not allege that

Spradlin conducted an inadequate or result oriented investigation.  Plaintiff only alleges that

"Spradlin, initially conducted the investigation on 700 Alma Drive, Plano, Texas and found no

damage to any of Madison's properties and denied Plaintiff's claim."[29]  In fact, even this assertion

is false.  On his initial investigation of the 700 Alma Drive property, Spradlin found damage and

---

[25] *Messersmith*, 10 F.Supp.3d. at 724.

[26] *Id.*

[27] *See Nasti v. State Farm Lloyds*, 2014 WL 234352 (S.D. Tex. Feb. 24, 2014) (where petition alleged that adjuster inspected the property and submitted an undervalued estimate to the insurer, "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

[28] *Okenkpu v. Allstate Texas Lloyd's*, Civ, A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, Civ. A. No, H-10-1846, 2011 WL 240335,- *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York*, Civ. A, No. H-11-123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, Civ. A, No, 14-10-4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.*, Civ. A. No. H-09-1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.*, Civ. A. No. H-10-2095, 2011 WL 1044206, *3 (March 16, 2001)).

[29] Complaint at p. 2 of 8.

Travelers then retained an engineering expert to determine whether the damage could be repaired or had to be replaced.[30]   Plaintiff does not make any allegation of "specific actionable conduct" implicating Spradlin separate and apart from the damages asserted for Travelers' claim decisions.[31] As a result, there is no possibility of Plaintiff establishing a Chapter 541 claim against Spradlin.[32]

19.     For the most part, Plaintiff's allegations against Spradlin are made together with Travelers such that allegations against Spradlin individually are not distinguishable.  The allegations asserted as to Spradlin alone do not support a cause of action against him.  The allegations against Spradlin only are:

- Spradlin, initially conducted the investigation on 700 Alma Drive, Plano, Texas and found no damage to any of Madison's properties and denied Plaintiff's claim. **Complaint at p. 2 of 8.**

- Spradlin, over Madison's objections, closed Madison's claim without payment on January 31, 2012.  **Complaint at p. 2 of 8.**

- Spradlin later reopened the claim and continued communication with Madison's general contractor, Carolyn Coleman of Tice Enterprises, Ltd.  **Complaint at p. 2 of 8.**

- Even though Spradlin knew the damage was substantial and had the $3,000,000 estimate for almost two years, in two June 27, 2016 estimates, Spradlin estimated the damages to claim number EQW5745 at only $236,770.07 and claim number E1J9483 at only $298,125.11.  **Complaint at p. 3 of 8.**[33]

- Spradlin violated his duties under Section 541.060 of the Texas Insurance Code by failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has become reasonably clear. **Complaint at p. 4 of 8.**

---

[30] Declaration of Jason Spradlin at ¶¶ 2-3.
[31] *Griggs*, 181 F.3d at 700 (5th Cir. 1999) (holding that a showing of a possibility of establishing a state law claim requires the pleading of "specific actionable conduct" implicating the non-diverse defendant).
[32] *Messersmith*, 10 F.Supp.3d. at 724.
[33] Spradlin was been replaced as the adjuster on April 10, 2015 and had no involvement with the loss adjustment at the time of the payments referenced in this allegation.  Declaration of Jason Spradlin at ¶ 9.

20.     The first two bullet points relate to the initial adjustment of the claim asserted for damage at the 700 Alma Drive property and they do not give rise to liability on Spradlin's part.  There is no allegation that Spradlin's investigation was improper, and in fact he did find damage for which he consulted an engineer to determine the proper repair or replacement protocol.[34]  Plaintiff's purported objection to closing the claim is not a basis for liability on Spradlin's part because the claim decision at that point was based on all of the available information and Plaintiff did not present information or ask that the claim be reopened until May 29, 2014 (28 months later).[35]

21.     The third bullet point is not a basis for liability on Spradlin's part because there is no allegation of wrongdoing.  Travelers reopened the claim at Plaintiff's request and Spradlin communicated with Plaintiff's general contractor to further investigate the loss claim.[36]

22.     The allegations contained in the fourth bullet point do not support a claim against Spradlin because Spradlin was not involved in the adjustment of the claim when the referenced payments were made.[37]  Moreover, these referenced payments were made while Plaintiff's claim was in appraisal.[38]  And Plaintiff has asserted no claim that the appraisal award was improper or that Travelers failed to timely pay the appraisal award when it was issued.[39]

23.     The fifth (and last) bullet point does not give rise to separate liability on Spradlin's part because it is a mere recitation of statutory language and because any potential liability referenced in this allegation is indistinguishable from the carrier's possible liability.  Moreover, Spradlin's involvement in the claim ended after Travelers paid an undisputed amount for application of an elastomeric coating over the roofs of Plaintiff's buildings while Plaintiff maintained the damage

---

[34] Declaration of Jason Spradlin at ¶ 3.
[35] Id. at ¶ 4 and 5.
[36] Id. at ¶ 5.
[37] Id. at ¶¶ 8 and 9.
[38] Id. at ¶ 9.
[39] In fact Plaintiff affirmatively pled that Travelers paid the appraisal award three days after the award was entered by the parties' appraisers and the umpire.

required complete removal and replacement of the roofs.[40]  The continuing dispute over the value of the loss was resolved through the appraisal process, and Travelers' liability for the remaining additional cost became reasonably clear when the appraisal award was entered.

24.     This Court should find that Spradlin was improperly joined for purposes of diversity jurisdiction.

## DIVERSITY JURISDICTION

25.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441 (a), because there is complete diversity of citizenship among the relevant parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.  Plaintiff is a citizen of the state of Texas and Travelers is an unincorporated association whose members all reside in the state of Connecticut.  As discussed, while Spradlin is a resident of the State of Texas, his citizenship is not relevant for diversity purposes because he was improperly joined.  Consequently, there is complete diversity of citizenship.

26.     The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a).  In the Petition, Plaintiff alleges that it seeks "monetary relief over $1,000,000."[41] Plaintiff also seeks additional and consequential damages, interest, exemplary damages, and attorneys' fees.[42]  Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[43]

---

[40] Declaration of Jason Spradlin at ¶ 7.
[41] Complaint at p. 1.
[42] *Id.* at p. 17.
[43] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326, 330 (5th Cir. 2000).

## REMOVAL PROCEDURE

27.     The clerk of the 401st Judicial District Court of Cameron County, Texas has been provided notice of this Removal.

28.     The following exhibits are attached hereto and incorporated herein by reference:

      a.   Index of matters being filed;

      b.   List of all parties and counsel of record; and

      c.   Certified copies of all pleadings, process, and orders served upon defendants.

      d.   Declaration of Jason Spradlin.

29.     Consent of the improperly joined defendant is not required for removal.  However, Spradlin consents to this removal.

## CONCLUSION

30.     Based on the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Travelers hereby removes this case to this Court for trial and determination.

Respectfully submitted,

*/s/ Martin R. Sadler*
Martin R. Sadler
Attorney-in-Charge
Texas Bar No.: 00788842
Federal ID No. 18230
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
  A LAW CORPORATION
801 Travis Street, Suite 1800
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996
msadler@lawla.com

ATTORNEY-IN-CHARGE     FOR     TRAVELERS
LLOYDS INSURANCE COMPANY

Of Counsel

Rebecca A. Moore
Texas Bar No. 24031701
rmoore@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD,
    A LAW CORPORATION
801 Travis Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above pleading has been forwarded via electronic filing and/or facsimile, on this the 29th day of September, 2017 to:

    Robert W. Loree
    Todd Lipscomb
    Cassandra Pruski
    LOREE & LIPSCOMB
    The Terrace at Concord Park
    777 East Sonterra Blvd, Suite 320
    San Antonio, Texas 78258

                                        /s/ Martin R. Sadler
                                        Martin R. Sadler