Filed: 8/31/2017 8:55 PM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 19190693

CAUSE NO. 401-04239-2017

| | | |
|---|---|---|
| **MADISON PARTNERS, LLC** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| v. | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **THE TRAVELERS LLOYD'S INSURANCE COMPANY and JASON M. SPRADLIN** | § | |
| | § | |
| **Defendants** | § | **COLLIN COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, MADISON PARTNERS, LLC, files this original petition complaining of Defendants, THE TRAVELERS LLOYD'S INSURANCE COMPANY and JASON M. SPRADLIN. In this lawsuit, Plaintiff seeks monetary relief over $1,000,000, and would show this honorable court as follows:

## I. Parties, Venue and Discovery Level

Plaintiff, Madison Partners, LLC (hereafter "Madison"), is a Texas limited liability company with its office at 2622 Commerce St., Dallas, Texas. Madison is the named insured under the insurance policy with Travelers.

Defendant, The Travelers Lloyd's Insurance Company (hereinafter "Travelers"), is a surplus lines insurance company doing business in Texas that can be served through its registered agent for service, Corporation Service Company, 211 East 7th St., Ste. 620, Austin, Texas 78701-3218.

Defendant, JASON M. SPRADLIN, is a Texas resident and an insurance adjuster who can be served at his place of business at 1301 East Collins Blvd., Richardson, Texas 75081.

The venue of this case is proper in Dallas County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

DISTRICT COURT ★ OF COLLIN COUNTY, TEXAS

Plaintiff intends to conduct discovery in this case under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendants did any act or thing, it is meant that Defendants or their agents, officers, servants, employees, or representatives did such act or thing. They were also done with the full authorization or ratification of Defendants or done in the normal routine, course, and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## III. Conditions Precedent

All conditions precedent to recovery have been performed or have occurred.

## IV. Facts of the Case

Madison purchased property insurance from Travelers (Policy Number YL630-0991R005) to cover property losses at its properties in the Dallas, Texas area for the policy period of August 31, 2011 to August 31, 2012. On or about October 23, 2011, a hail and windstorm caused substantial damage to Madison's properties located at 601 Plano Parkway West, Plano, Texas 75075, and 700 Alma Drive, Plano, Texas 75075. Madison reported this loss to Travelers and its agents who assigned it claim number EQW5745.

To adjust this claim, Travelers hired claim representative Jason Spradlin (hereinafter "Spradlin"). Spradlin, initially conducted the investigation on 700 Alma Drive, Plano, Texas and found no damage to any of Madison's properties and denied Plaintiff's claim. Spradlin then informed Madison that he was closing its claim. Madison, disputing Spradlin's assessments, asked to keep the claim open. Spradlin, over Madison's objections, closed Madison's claim without payment on January 31, 2012.

Spradlin later reopened the claim and continued communication with Madison's general contractor, Carolyn Coleman of Tice Enterprises, Ltd. While working with Coleman, Madison discovered damage at a second property 601 Plano Pkwy, Plano, Texas. Instead of adding 601



DISTRICT COURT OF COLLIN COUNTY, TEXAS

Plano Pkwy it the same claim, Travelers and Spradlin opened a second claim so they could apply a second deductible and assigned it claim numbers E1J9483, with the same date of loss.

For the next three years, Travelers and Spradlin failed to properly identify and pay the cost to repair the damage to Madison's property. On June 11, 2014, Coleman gave Spradlin an estimate to properly repair the damage to the properties in the amount of over $3,000,000. Fustrated with Travelers and Spradlin's delay, on April 10, 2015 Madison demanded appraisal under the policy with Travelers. On April 22, 2016, Travelers and Spradlin agreed to submit both claims on Madison's properties to appraisal. While the appraisal was ongoing, Spradlin continued to attempt to adjust the claim. Travelers and Spradlin continued to delay and stall payments to Madison as much as possible. It wasn't until April 10, 2015 that Travelers made any payment on Plaintiff's claim. Travelers and Spradlin paid $93,218.46 on claim E1J9483 on November 25, 2014 and $84,813.81 on October 21, 2014, and $289.14 on April 10, 2015 on Claim EQW5741.

Even though Spradlin knew the damage was substantial and had the $3,000,000 estimate for almost two years, in two June 27, 2016 estimates, Spradlin estimated the damages to claim number EQW5745 at only $236,770.07 and claim number E1J9483 at only $298,125.11. Madison continued to dispute these low-ball estimates and asked the claims appraisal be completed as originally asked for.

Even after liability had become clear, Travelers and Spradlin continued to delay payment towards Madison. It wasn't until July 22, 2016 that Travelers authorized any additional payments to the Plaintiff. At that time, Travelers paid $82,524.43 on claim E1J9483 and $99,012.85 on claim EQW5741.

On February 6, 2017, an appraisal award was entered by the parties' appraisers and umpire in the amount of $3,398,484.07 and Actual Cash Value of $1,422,476.96 for necessary code upgrades. These amounts were including all prior payments and deductible. On approximately February 9, 2017, after deducting the prior payments and



DISTRICT COURT OF COLLIN COUNTY, TEXAS

applying the deductible, Travelers paid the appraisal award in the amounts of $1,163,064.06 for claim E1J9483 and $775,376.04 for claim EQW51746.

Even though Travelers and Spradlin knew or should have known Travelers' liability was clear on January 31, 2012, when they denied and closed the claim at the beginning, Travelers and Spradlin did everything they could to deny, delay, and untimely pay Madison for the cost to repair the windstorm damage from the October 23, 2011 storm. Defendants delayed over 32 months to make any payment to Plaintiff for claim numbers E1J9483 and EQW5741. Travelers and Spradlin further took over 54 months to make the July 22, 2016 payments to Plaintiff for claim numbers E1J9483 and EQW5741. Finally, Defendant took over 60 months to make the final ACV payments to Plaintiff for claim numbers E1J9583 and EQW5745 in the amount of $1,938,440.09. In doing so, Travelers and Spradlin violated Chapter 541 of the Texas Insurance Code and Travelers violated Chapter 542 of the Texas insurance code. More specifically, Spradlin violated his duties under Section 541.060 of the Texas Insurance Code by failing to affirm or deny coverage of Plaintiff's claim within a reasonable time and by not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has became reasonably clear. To date, Travelers and Spradlin have not paid Plaintiff any statutory interest or damages for violating their duties under Chapters 541 and 542 of the Texas Insurance Code.

## V. <u>Causes of Action for Violation of Chapter 542 of the Insurance Code</u>

Travelers' acts, omissions, and failures that are described in this petition violate Chapter 542 of the Texas Insurance Code. Within 30 business days after the receipt of either actual or written notice of Plaintiff's storm damage insurance claim, Travelers did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for the damage. As a result, Travelers has violated Chapter 542 by failing to accept or reject Plaintiff's claim in writing within 45 business days after receiving either actual or written notice of its claim. Travelers has also violated Section 542.058 by failing to pay



DISTRICT COURT OF COLLIN COUNTY, TEXAS

Plaintiff's claim within 50 business days after it received either actual or written notice of the claim. As a result, Travelers owes Plaintiff the eighteen percent per annum interest for approximately 32 months as damages on the untimely payment of $84,813.81 and 33 months on the untimely payment of $93,218.46, approximately 54 months as damages on the untimely payments of $99,012.86 and $82,524.43, and approximately 60 months as damages on the untimely payment of $1,163,064.05 and $775,376.04 under Section 542.060 of the Texas Insurance Code.

## VI. Causes of Action for Unfair Insurance Practices

Plaintiff incorporates all the allegations in this petition for these causes of action against Defendants Travelers and Spradlin under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing these causes of action. By their acts, omissions, failures, and conduct, Defendants Travelers and Spradlin have engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claims and their failure to pay for the proper repair of Plaintiff's properties on which their liability had become reasonably clear. Specifically, Defendants Travelers and Spradlin are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim on which Defendants' liability has became reasonably clear; and

D. Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

Travelers has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.



DISTRICT COURT OF COLLIN COUNTY, TEXAS

### VII. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Travelers has breached its common law duty of good faith and fair dealing by unreasonably delaying payment of Plaintiff's claim. These acts, omissions, failures, and conduct of Travelers are a proximate cause of Plaintiff's damages.

### VIII. Waiver and Estoppel

Defendants Travelers and Spradlin have waived and are estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiff.

### IX. Damages

The above described acts, omissions, failures and conduct of Defendants Travelers and Spradlin have caused Plaintiff damages which include, without limitation, the eighteen percent per annum interest for about 32 months on $84,813.81 and 33 months on claims $93,218.46; 54 months on $99,012.86 and $82,524.43; and 60 months on $1,163,064.05 and $775,376.04 against Travelers under Section 542.060 of the Texas Insurance Code and extra-contractual damages against both Defendants. All these damages are within the jurisdictional limits of the Court.

### X. Additional Damages

Defendants Travelers and Spradlin have also "knowingly" and "intentionally" committed unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages under Section 17.50(b)(1) of the DTPA and Chapter 541 of the Texas Insurance Code.

### XI. Exemplary Damages

Travelers' breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally and with "malice" and "gross negligence" as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Travelers are the type of



DISTRICT COURT OF COLLIN COUNTY, TEXAS

conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Travelers for its wrongful conduct and to set an example to deter this Defendant and others similarly situated from committing similar acts in the future.

**XII. Attorneys' Fees**

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapters 541 and 542 of the Texas Insurance Code.

**XIII. Rule 194 Request for Disclosure**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants Travelers and Spradlin disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a *trial by jury* and also requests that Defendants be cited to appear and answer, and on final hearing, the court award Plaintiff a judgment against Defendants for the following:

1. Actual, economic, consequential, additional, and exemplary damages in an amount within the jurisdictional limits of the court;
2. The 18% per annum interest under Chapter 542 of the Texas Insurance Code;
3. Reasonable attorneys' fees through trial and on appeal;
4. Pre-judgment and post-judgment interest as provided by law;
5. Costs of court; and
6. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

DISTRICT COURT ★ OF COLLIN COUNTY, TEXAS

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord Park
777 East Sonterra Blvd., Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: ______________________
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com
Todd Lipscomb
State Bar No. 00789836
todd@lhllawfirm.com
Cassandra Pruski
State Bar No. 24083690
cassie@lhllawfirm.com

Attorneys for Plaintiff










STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17
LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

________________ DEPUTY

THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 401-04239-2017

Madison Partners, LLC vs. The Travelers Lloyd's Insurance Company and Jason M. Spradlin

In the 401st District Court

Of Collin County, Texas

OFFICER'S RETURN BY MAILING

Came to hand the 5th day of September, 2017, 10:52 AM, and executed by mailing to the defendant certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of the Plaintiff's Original Petition and Requests for Disclosure and/or citation to the following address:

Jason M. Spradlin
1301 East Collins Blvd
Richardson TX 75081.

**Please Check Method of Service**

| ATTACH<br>RETURN RECEIPT (S)<br>WITH<br>ADDRESSEE'S SIGNATURE |
|---|

Service upon the defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by K. Evans for Jason M. Spradlin and dated the 7th day of September, 2017.

To certify which witness my hand officially.

Lynne Finley, District Clerk

DISTRICT COURT ★ OF COLLIN COUNTY, TEXAS ★

By: Morgan Hockett, Deputy
Morgan Hockett

Fee for serving citation $75.00





STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_______________ DEPUTY

UNITED STATES POSTAL SERVICE

Date: September 7, 2017

MAIL MAIL:

The following is in response to your September 7, 2017 request for delivery information on your Certified Mail™/RRE item number 9214890106615400011192982 1. The delivery record shows that this item was delivered on September 7, 2017 at 9:31 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :

Delivery Section

Michael Charron

Address of Recipient :

211 E. 7th ST. #620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

FILED

2017 SEP -8 AM 10: 25

LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY

Reference ID: 92148901066154000111929821
401-04239-2017
THE TRAVELERS LLOYD'S INSURANCE COMPANY
Registered Agent, Corporation Service Company
211 E 7th St Ste 620
Austin, TX 78701-3218

OF COLLIN COUNTY, TEXAS




STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

______________________ DEPUTY

THE STATE OF TEXAS
CIVIL CITATION

CASE NO. 401-04239-2017

Madison Partners, LLC vs. The Travelers Lloyd's Insurance Company and Jason M. Spradlin

In the 401st District Court

Of Collin County, Texas

OFFICER'S RETURN BY MAILING

Came to hand the 5th day of September, 2017, 9:10 AM, and executed by mailing to the defendant certified mail, return receipt requested with restricted delivery a true copy of this citation together with an attached copy of the Plaintiff's Original Petition and Requests for Disclosure and/or citation to the following address:

The Travelers Lloyd's Insurance Company
Corporation Service Company
211 East 7th St., Ste. 620
Austin, TX 78701-3218.

**Please Check Method of Service**

ATTACH

RETURN RECEIPT (S)

WITH

ADDRESSEE'S SIGNATURE

Service upon the defendant is evidenced by the return receipt incorporated herein and attached hereto, signed by Michael Charron for The Travelers Lloyd's Insurance Company and dated the 7th day of September, 2017.

To certify which witness my hand officially.

Lynne Finley, District Clerk

DISTRICT COURT OF COLLIN COUNTY, TEXAS

By: Morgan Hockett, Deputy
Morgan Hockett

Fee for serving citation $75.00

DISTRICT COURT OF COLLIN COUNTY, TEXAS




STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

______________ DEPUTY

**UNITED STATES POSTAL SERVICE**

Date: September 7, 2017

MAIL MAIL:

The following is in response to your September 7, 2017 request for delivery information on your Certified Mail™/RRE item number 92148901066154000111929937. The delivery record shows that this item was delivered on September 7, 2017 at 12:44 pm in RICHARDSON, TX 75081. The scanned image of the recipient information is provided below.

Signature of Recipient : K. Evans

Address of Recipient : 1301 E. Collins #

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

FILED
2017 SEP -8 AM 10: 29
LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY [signature] DEPUTY

Reference ID: 92148901066154000111929937
401-04239-2017
JASON M. SPRADLIN
1301 E Collins Blvd
Richardson, TX 75081-2474







STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

______________________ DEPUTY

Filed: 8/31/2017 8:55 PM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 19190693

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER (FOR CLERK USE ONLY): 401-04239-2017 COURT (FOR CLERK USE ONLY): ______

STYLED: MADISON MANAGEMENT COMPANY V. THE TRAVELERS LLOYD'S INSURANCE COMPANY AND JASON M. SPRADLIN
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing. This sheet, approved by the Texas Judicial Council, is intended to collect information that will be used for statistical purposes only. It neither replaces nor supplements the filings or service of pleading or other documents as required by law or rule. The sheet does not constitute a discovery request, response, or supplementation, and it is not admissible at trial.

**1. Contact information for person completing case information sheet:**

Name: Cassandra Pruski
Email: cassie@lhllawfirm.com
Address: 777 E. Sonterra Blvd., Ste. 320
Telephone: 210-404-1320
City/State/Zip: San Antonio, Texas 78258
Fax: 210-404-1310
Signature: [signature]
State Bar No: 24083690

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Madison Management Company

Defendant(s)/Respondent(s): The Travelers Lloyd's Insurance Company and Jason M. Spradlin
[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**

- [x] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: ______

Additional Parties in Child Support Case:

Custodial Parent: ______

Non-Custodial Parent: ______

Presumed Father: ______

**2. Indicate case type, or identify the most important issue in the case (*select only 1*):**

## *Civil*

**Contract**

*Debt/Contract*
- [x] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: ______

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: ______

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: ______
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product: ______
- [ ] Other Injury or Damage: ______

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: ______

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: ______

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: ______

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [ ] Other: ______

## *Family Law*

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: ______

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Parentage/Paternity
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: ______

**Tax**
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

## *Probate & Mental Health*

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings
- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: ______

**3. Indicate procedure or remedy, if applicable (*may select more than 1*):**

- [ ] Appeal from Municipal or Justice Court
- [ ] Arbitration-related
- [ ] Attachment
- [ ] Bill of Review
- [ ] Certiorari
- [ ] Class Action
- [ ] Declaratory Judgment
- [ ] Garnishment
- [ ] Interpleader
- [ ] License
- [ ] Mandamus
- [ ] Post-judgment
- [ ] Prejudgment Remedy
- [ ] Protective Order
- [ ] Receiver
- [ ] Sequestration
- [ ] Temporary Restraining Order/Injunction
- [ ] Turnover

DISTRICT COURT OF COLLIN COUNTY, TEXAS
LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS



STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

______________ DEPUTY

Filed: 9/5/2017 10:46 AM
Lynne Finley
District Clerk
Collin County, Texas
By Morgan Hockett Deputy
Envelope ID: 19224390

LAW OFFICES OF
**LOREE & LIPSCOMB**
THE TERRACE AT CONCORD PARK
777 E. SONTERRA BLVD., SUITE 320
SAN ANTONIO, TEXAS 78258

ROBERT W. LOREE
BOARD CERTIFIED CIVIL TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
TODD LIPSCOMB
CASSANDRA PRUSKI

Telephone
(210) 404-1320
Facsimile
(210) 404-1310

September 5, 2017

Via E-file
Collin County District Clerk
2100 Bloomdale Rd., Suite 12132
McKinney, Texas 75071

Re: Cause No. 401-04239-2017; *Madison Partners, LLC v. The Travelers Lloyd's Insurance Company and Jason M. Spradlin*; Collin County, Texas

Dear Sir/Madam:

Please issue citation to the following defendant and serve through certified mail as requested in this filing. All required fees have been paid with this filing.

- **Jason M. Spradlin** can be served at his place of business at 1301 East Collins Blvd., Richardson, Texas 75081.

If you have any questions or need anything further, please do not hesitate to contact our office. Thank you for your attention to this matter.

Sincerely,

Monica Requena
Legal Assistant to Loree & Lipscomb






STATE OF TEXAS )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the 18 day of Sept A.D., 20 17

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

______________ DEPUTY